IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH ALAN THOMAS, #407930 | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv16 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

  Petitioner Kenneth Alan Thomas, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

<u>Background</u>

  Petitioner is challenging his Denton County conviction for aggravated assault with a deadly weapon, Cause No. F-2004-1408-C. On May 13, 2005, after finding him guilty, a jury sentenced him to prison for eight years. The Second Court of Appeals affirmed his conviction on July 6, 2006. The Texas Court of Criminal Appeals struck his petition for discretionary review (PDR) on December 6, 2006 for non-compliance. Petitioner concedes that he did not file a writ of certiorari with the United States Supreme Court. However, he filed a second PDR on January 8, 2007, which the Court of Criminal Appeals refused on February 28, 2007. The present petition for a writ of habeas corpus was filed on January 16, 2008.

  Petitioner claims he is entitled to relief based on several issues. He first asserts he is entitled to relief because he was arrested illegally, which led to an illegal search and seizure in violation of his constitutional rights. Additionally, he asserts the trial court should have excluded all evidence gained from a second warrantless search of his residence. Petitioner also claims the trial court erred in failing to include an instruction regarding self defense in the jury charge, and the officers exceeded the scope of the search warrant. Finally, Petitioner asserts that using his grand jury testimony

constituted a violation of his Sixth Amendment Right to confrontation and cross-examination. The District Court dismissed his petition as untimely filed. However, in light of a decision decided after the judgment in this case, the Fifth Circuit Court of Appeals remanded for further proceedings consistent with *Womack v. Thaler*, 591 F.3d 757 (5th Cir. 2009). The Attorney General provided a Response, asserting that Petitioner is not entitled to relief. Petitioner did not file a Reply.

Statement of Facts

Portions from the Second Court of Appeals's opinion in this matter follow:

Around 8:30 on a Saturday evening, process server Bruce Roberson went to Thomas's house, went to the door, and rang the bell a few times. No one answered. Roberson got back on his motorcycle, and as he started the engine, he heard a "kapow," and felt a bullet hit him in the back of his shoulder. Roberson immediately drove to a nearby convenience store and called 911.

Police arrived at the convenience store shortly thereafter. After talking to Roberson, the officers determined that the shot must have come from the south side of the street, the side where Thomas's house is located. The officers went to Thomas's home and knocked on the door. No one answered, although the officers could see "people in movement" inside the home. Officers also called the house but did not get an answer.

Officers talked to a young girl who lived next door to Thomas, and she told the officers that she had heard a motorcycle engine start and "two pops" and that she thought it had come from "near the side of the house," which was Thomas's house. An officer in the alley behind Thomas's house saw Thomas step out onto his patio in his backyard, and the officer started talking to him through the backyard fence. The officer told Thomas someone had been shot in front of his house and asked him to go to his front door and talk to the officers. Thomas refused, stating that he would not go to his front door because he did not want to be arrested. The officers conversed with Thomas through his fence for about thirty minutes, during which time Thomas was very evasive and excited. When one officer convinced Thomas to take a card from him through the fence, the other officers entered Thomas's backyard and eventually gained control over him. Sergeant Digmon explained to Thomas that the officers were in the process of obtaining a warrant to search his home, that Thomas would not be allowed back in his house until after the search warrant had been executed, but that he was free to leave. Thomas and his girlfriend, who had been inside Thomas's home, left on foot.

A search warrant was issued based on "[Thomas's] refusal to speak with officers, his statement that the officers would arrest him if he exited his home, his complaints against civil processors,FN2 the trajectory of the shot fired that struck [Roberson], and the next door neighbor who heard the shot." After the search warrant had been signed, the officers entered Thomas's house to execute it. While executing the search warrant, police discovered a gun that was later determined to be the gun used to shoot Roberson.

> FN2. The officers knew of at least one prior call from Thomas about process servers harassing him at his home.

*Thomas*, No. 02-05-186-CR, slip op. at 2-3.

<u>Federal Habeas Corpus Relief</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should

only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

<u>Exhaustion of State Remedies</u>

Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals

of Texas (CCA). *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225. Finally, if one or more of the petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition, and the entire petition may be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 192 S. Ct. 1198, 71 L. Ed.2d 379 (1982).

In the present case, Petitioner failed to raise the issue concerning the use of grand jury testimony in his petition for discretionary review or in his state writ petition. Thus, he has failed to present the issue to the CCA. By raising the issue herein, Petitioner has bypassed the state courts and presented a claim to the federal courts before the state court has had the opportunity to review it on the merits. Consequently, the CCA was denied the opportunity to rule on, and if necessary, correct, any constitutional error that may have occurred in this case. Because Petitioner has presented an unexhausted issue, he has filed a mixed petition. The Government urges this Court to dismiss the entire petition as a mixed petition. In the interest of justice, this Court will examine Petitioner's exhausted claims. However, this issue is unexhausted and should be dismissed for failure to exhaust.

Fourth Amendment Violations

Petitioner asserts Fourth Amendment violations, claiming that the evidence against him was obtained in an unconstitutional search and seizure. Specifically, he claims that the "officers' detention [Petitioner] on his porch constituted an illegal arrest" and "officers improperly used the fruits of [Petitioner's] illegal arrest to establish probable cause to search in violation of the Fourth Amendment." He further contends that the "search and seizure conducted in connection with the improperly obtained search warrant violated the Fourth Amendment" and "even if probable cause to issue the search warrant existed, the warrantless searches violating [his] Fourth Amendment rights

required the exclusion of all seized evidence."

Fourth Amendment claims are barred from federal habeas corpus relief where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed.2d 1067 (1976). An "opportunity for full and fair litigation" has been interpreted by the Fifth Circuit to mean just that – an opportunity. *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002). If a state provides the processes allowing a defendant to obtain full and fair litigation of a Fourth Amendment claim, *Stone* bars federal corpus consideration of that claim. *Id*. Accordingly, even if a petitioner fails to raise his Fourth Amendment claim at trial, *Stone* will prohibit federal habeas relief on Fourth Amendment grounds in spite of the fact that no state hearing was held on the claim. *Caver v. Alabama*, 577 F.2d 1188, 1193 (5th Cir. 1978). Petitioner was not foreclosed from litigating his claim in state court; accordingly, this Court may not review his Fourth Amendment claims. *Id*.

## Self-Defense Jury Charge

Petitioner next claims that the trial court erred when it refused to charge the jury regarding Petitioner's claim that he acted in self-defense. However, a review of the record shows that the jury charge included an instruction on self-defense. He is simply mistaken in his assertion. Furthermore, Petitioner raised this issue in his PDR, which the CCA denied. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is without merit.

## Conclusion

In each of his claims, Petitioner has failed to show that he is entitled to relief or that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that

the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the

Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

Recommendation

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 10th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE